## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

JACK KARAFA**,**                                                    :
on behalf of Himself and
all others similarly situated,
                                                                               :
                    Plaintiff                                          :
v.                                                                             :                Case No.
                                                                               :                Jury Trial Demanded
WELTMAN, WEINBERG & REIS CO. LPA,              Proposed Class Action
DANIEL E. BEST, JEFFREY K. BEARSS,
JENNIFER T. DILLOW,
CHRISTOPHER T. BEST, and
TIFFANI WILLIAMS,

                    Defendant(s).
_____/


## COMPLAINT AND JURY DEMAND

        NOW COME the Plaintiff, Jack Karafa ( "Plaintiffs") by and through counsel, The Law

Offices of Nicholas A. Reyna P.C. , and brings this action on behalf of themselves against the

Defendants alleging the following:

### I.   INTRODUCTION

1.

        Plaintiff brings this action for damages and injunctive relief based upon the Defendants'

violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and The

Regulation of Collection Practices Act (RCPA), codified at MCL 445.251 et seq., as well as the

Michigan Occupational Code ("MOC"), M .C.L. § 339.901 *et seq.*

2.

The Defendants have filed thousands of false communications in Michigan courts and sent thousands of false communications to Plaintiffs and similarly situated consumers in connection with efforts to collect debts from them.   Subsequent to obtaining judgments in collection lawsuits against Plaintiffs and putative class members, Defendants have collected and attempted to collect post-judgment interest from Plaintiff(s) and putative class members at rates far exceeding those allowed by law, misrepresented the amounts owed by Plaintiffs and the putative class members, collected money not owed by Plaintiffs and putative class members and violated the FDCPA and Michigan law.

3.

To confirm, for judgments not "rendered on a written instrument," Michigan law explicitly and unambiguously allows for accrual and collection from Plaintiffs and the putative class members of postjudgment interest only "at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually," M.C.L. § 600.6013(8); however, Defendants have purported to accrue, attempted to collect, and did collect, interest far exceeding this statutory rate from Plaintiffs and the putative class members, causing substantial actual damage.   Subsection 6 of Section 6013, and Subsection 2 of Section 6455 of Public Act No. 236 of 1961, as amended, (M.C.L. Sections 600.6013 and 600.6455) specifically state the following:

- **Sec. 6013(6)** Except as otherwise provided by subsection (5) and subject to subsection (11), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated at 6-month intervals from the date of filing the complaint at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

- **Sec. 6455 (2)** Except as otherwise provided in this subsection, for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action shall be calculated from the date of filing the complaint at a rate of interest which is equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, pursuant to this section.

Pursuant to the above requirements, the State Treasurer of the State of Michigan effectively certified that 1.984% was the average interest rate paid at auctions of 5-year United States treasury notes during the six months immediately preceding January 1, 2018.

## II. PARTIES

### 4.

The Plaintiff is a consumer residing in Coopersville, Michigan . Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

### 5.

Defendant Weltman, Weinberg, & Reis ("WWR") is a Domestic Profit Corporation and a debt collector that purchases and collects large portfolios of defaulted consumer receivables under 15 U.S.C. 1692a (6) and whose principal business purpose is the collection of defaulted debts. The Defendant's Registered Agent is National Registered Agents, Inc. located at 40600 Ann Arbor Rd. E (Ste. 201) in Plymouth, MI 48170.

### 6.

Co-Defendant Daniel E. Best is a natural person living in Michigan and an employee for Defendant WWR. Mr. Best regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Best is a debt collector as the term is defined under

the FDCPA. Mr. Best is a regulated person as the term is uses and defined under the RCPA. Mr. Best participated in the collection of debt while employed by WWR.

7.

Co-Defendant Jeffrey K. Bearss is a natural person living in Michigan and an employee for Defendant WWR. Mr. Bearss regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Bearss is a debt collector as the term is defined under the FDCPA. Mr. Bearss is a regulated person as the term is uses and defined under the RCPA. Mr. Bearss participated in the collection of debt while employed by WWR.

8.

Co-Defendant Jennifer T. Dillow is a natural person living in Michigan and an employee for Defendant WWR. Ms. Dillow regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Dillow is a debt collector as the term is defined under the FDCPA. Ms. Dillow is a regulated person as the term is uses and defined under the RCPA. Ms. Dillow participated in the collection of debt while employed by WWR.

9.

Co-Defendant Christopher T. Best is a natural person living in Michigan and an employee for Defendant WWR. Mr. Best regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Mr. Best is a debt collector as the term is defined under the FDCPA. Mr. Best is a regulated person as the term is uses and defined under the RCPA. Mr. Best participated in the collection of debt while employed by WWR.

10.

Co-Defendant Tiffani Williams is a natural person living in Michigan and an employee for Defendant WWR. Ms. Williams regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Ms. Williams is a debt collector as the term is

defined under the FDCPA. Ms. Williams is a regulated person as the term is uses and defined under the RCPA. Ms. Williams participated in the collection of debt while employed by WWR.

### III. JURISDICTION AND VENUE

#### 11.

Jurisdiction arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. §§ 1331, 1337. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here. Supplemental jurisdiction for Plaintiff's state law claims arise under 28 U.S.C. §1367. *Baltierra v. Orlans Associates PC*, No. 15-cv-10008 (E.D. Mich. Oct. 7, 2015).

#### 12.

The factual basis of the RCPA claim is the same as the factual basis of the FDCPA claim and this district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). *Lovelace v. Stephens & Michaels Assocs., Inc.*, No. 07-10956, 2007 WL 3333019, at *2 (E.D. Mich. Nov. 9, 2007) (stating that FDCPA claims and RCPA claims are simply duplicates and "need not be 2:17-cv-12173-GAD-RSW Doc # 1 Filed 07/05/17 Pg 7 of 25 Pg ID 78 addressed separately").

#### 13.

Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because the Defendants are subject to personal jurisdiction in the State of Michigan at the time this action is commenced.

### IV. STATUTORY STRUCTURE- FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

#### 14.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

15.

Plaintiffs are consumers.    Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a (3).

16.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a (5).

17.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a (6).

18.

The Defendants regularly attempt to collect consumer defaulted debts alleged to be due another and are debt collectors as provided in 15 U.S.C. 1692a (6)) as the bank and credit card debts Defendants purchase are in default when obtained by all Defendants. *Bridge v. Ocwen Federal Bank, FSB*, 681 F. 3d 355 - Court of Appeals, 6th Circuit 2012.

19.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon

the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

20.

Whether a debt collector's actions are false, deceptive, or misleading under §1692e is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Wallace v. Washington Mutual Bank*, 683 F.3d. 323, 327 (6th Cir. 2012), *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir.2006).

21.

Section 1692e provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e (1) -(16). Among the *per se* violations prohibited by that section are using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e (10).

22.

Section 1692e further provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(**2**)The false representation of—

(**A**) the character, amount, or legal status of any debt; or

(**B**) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(**5**) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(**9**) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(**10**) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## V. REGULATION OF MICHIGAN COLLECTION PRACTICES ACT (RCPA)

23.

The Michigan Consumer Protection Act (RCPA), MCL 445.251 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

24.

"Claim" or "debt" means an obligation or alleged obligation for the payment of money or thing of value arising out of an expressed or implied agreement or contract for a purchase made primarily for personal, family, or household purposes.

25.

"Collection agency" means a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be

owed or due another person, arising out of an expressed or implied agreement. Collection agency includes a person representing himself or herself as a collection or repossession agency or a person performing the activities of a collection agency, on behalf of another, which activities are regulated by Act No. 299 of the Public Acts of 1980, as amended, being sections 339.101 to 339.2601 of the Michigan Compiled Laws. Collection agency includes a person who furnishes or attempts to furnish a form or a written demand service represented to be a collection or repossession technique, device, or system to be used to collect or repossess claims, if the form contains the name of a person other than the creditor in a manner indicating that a request or demand for payment is being made by a person other than the creditor even though the form directs the debtor to make payment directly to the creditor rather than to the other person whose name appears on the form. Collection agency includes a person who uses a fictitious name or the name of another in the collection or repossession of claims to convey to the debtor that a third person is collecting or repossessing or has been employed to collect or repossess the claim.

26.

Defendants are regulated agencies under the RCPA. See *Misleh* v *Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp.2d 591 - Dist. Court, ED Michigan 2012.

27.

"Communicate" means the conveying of information regarding a debt directly or indirectly to a person through any medium.

28.

"Consumer" or "debtor" means a natural person obligated or allegedly obligated to pay a debt.

29.

"Creditor" or "principal" means a person who offers or extends credit creating a debt or a person to whom a debt is owed or due or asserted to be owed or due. Creditor or principal does not include a person who receives an assignment or transfer or a debt solely for the purpose of facilitating collection of the debt for the assignor or transferor. In those instances, the assignor or transferor of the debt shall continue to be considered the creditor or the principal for purposes of this act.

30.

"Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendants each represent regulated persons under § 445.251(g)(xi).

31.

The Defendants are violating the following RCPA subsections:

**445.252 Prohibited Acts**

(a) Communicating with a debtor in a misleading or deceptive manner, such as      using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau;

(b) Using forms or instruments which simulate the appearance of judicial process; and

(d) Using forms that may otherwise induce the belief that they have judicial or official sanction.

(e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

(f) Misrepresenting in a communication with a debtor 1 or more of the following:

> (i) The legal status of a legal action being taken or threatened.
> (ii) The legal rights of the creditor or debtor.
> (iii) That the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property; and

(n) Using a harassing, oppressive, or abusive method to collect a debt…

(q) Failing to implement a procedure designed to prevent a violation by an employee.

32.

The Plaintiff seeks Statutory Damages, ACTUAL DAMAGES, INJUNCTIVE RELIEF, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court pursuant to the FDCPA and the RCPA and all other common law or statutory regimes.

33.

The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v. Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… In light of the similarity between 15 U.S.C. § 1692e 15 U.S.C. § 1692g and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

## VI. FACTUAL ALLEGATIONS

34.

Mr. Karafa previously possessed an open credit account through Discover Bank which he used to purchase goods or services for personal, family, and household purposes. Any resulting obligation of Mr. Karafa to pay money was a "debt" as the term is defined and used in the FDCPA, MRCPA, and MOC.   Mr. Karafa's account ultimately went into default with the Defendant thereafter initiating the above-referenced lawsuit in the 58th District Court specific to the underlying debt (*Exhibit A*).

35.

On or about May 12, 2010, judgment was entered on behalf of Discover Bank against Mr. Karafa in the amount of $5,309.76 (*Exhibit A*).

36.

On or around September 1, 2016, the Defendants, on behalf of Discover Bank, filed a Request and Writ for Garnishment in the corresponding lawsuit in the 58th District Court which stated that "the total amount of judgment interest accrued to date is $4,503.23" nearly doubling the principal due in just six years time period (*Exhibit A*). Upon information and belief this Writ was subsequently served both upon the Michigan Department of Treasury (as garnishee) as well as Mr. Karafa.    To confirm, the maximum rate under M.C.L. § 600.6013(8) during the applicable six (6) year period ranged between was 2.339%, and as low as 1.337%. See Interest Rates for Money Judgments, http://www.michigan.gov/treasury. According to Weltman's false interest rate calculation for the 6 year time period equaled a 12.00% per annum in violation of MCL 600.6013(8).

37.

The interest rate effectively charged by the Defendants was in demonstrable excess to the post-judgment interest rate dictated by MCL § 600.6013. Thus, the Defendants attempted to collect more money from Mr. Karafa than was allowed by law, such having additionally been communicated to Mr. Karafa by the Defendants in the twelve months prior to the initiation of this lawsuit.

38.

During the six years immediately prior to the filing of this Class Action Complaint, the Defendants communicated to Mr. Karafa that he owed post-judgment interest in an amount that exceeded the amount permitted by law.

39.

During the twelve months immediately prior to the filing of this Class Action Complaint, the Defendants communicated to a third party that Mr. Karafa owed post-judgment interest in an amount that exceeded the amount permitted by law.

40.

During the six years immediately prior to the filing of this Class Action Complaint, the Defendants communicated to a third party that Mr. Karafa owed post-judgment interest in an amount that exceeded the amount permitted by law.

41.

The Defendants directly or indirectly collected or attempted to collect from Mr. Karafa money to which they were not entitled in the form of excessive post-judgment interest.

42.

The only legal theories of relief asserted in Defendants' lawsuits against Plaintiff were account stated, open account, and/or unjust enrichment.

43.

Defendants' judgments against Plaintiff were not based on written contracts, promissory notes, or negotiable instruments, that specify an amount of interest.

44.

None of the state court judgments entered against Plaintiffs was rendered on a written instrument evidencing indebtedness with a specified interest rate.

45.

By calculating post-judgment interest at a rate higher than 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the immediately preceding six

months, Defendants have willfully and intentionally collected and attempted to collect amounts that they are not entitled to collect.

46.

Upon information and belief, the Defendants have collected and attempted to collect interest amounts that are not owed from thousands of Michigan consumers.

47.

Defendants have collected and attempted to collect interest amounts that are not owed via telephone calls placed to thousands of Michigan consumers.

48.

Defendants have collected and attempted to collect interest amounts that are not owed, via court proceedings, from thousands of Michigan consumers.

49.

Defendants have represented to Plaintiffs, thousands of Michigan consumers, and other third parties, via phone calls, court proceedings, mailings, or other methods of communication that Defendants are entitled to collect money they have no right to collect.

50.

The FDCPA provides that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

51.

The FDCPA provides that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A).

52.

The FDCPA provides that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false. 15 U.S.C. § 1692e(8).

53.

The FDCPA provides that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

54.

The FDCPA provides that it is unlawful for a debt collector to use unfair or unconscionable means to collect or attempt to collect any debt, including the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

55.

Defendants violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8) and (10), and 1692f(1).

56.

Defendants attempted to collect, and did collect, interest amounts that were prohibited by law.

57.

Defendants made inaccurate, misleading, untrue, or deceptive statements about the amount of interest that is owed by debtors in their communications to collect debts. The MRCPA provides that it is unlawful for a regulated person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. M.C.L. § 445.252(e).

58.

The MOC provides that it is unlawful for a licensee to make an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. M.C.L. § 339.915(e).

59.

Defendants misrepresented in communications with debtors that a higher interest rate could be used in calculating the debt owed than the creditor could legally use.

60.

Defendants misrepresented in communications with debtors that a higher amount of interest is owed than could legally be owed.

61.

The MRCPA provides that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor. M.C.L. § 445.252(f)(i) and (ii).

62.

The MOC provides that it is unlawful for a regulated person to misrepresent in a communication with a debtor the legal status of a legal action being taken or threatened or the legal rights of a creditor or debtor. M.C.L. § 339.915(f)(i) and (ii).

63.

Defendants violated the MRCPA, M.C.L. § 445.252(e), (f)(i) and (ii). 196. Defendants violated the MOC, M.C.L. § 339.915(e), (f)(i) and (ii).

64.

Defendants' violations of the FDCPA as alleged herein also constituted violations of the MRCPA and MOC.

65.

Defendants' acts and omissions were done in connection with efforts to collect alleged debts from Plaintiffs and members of the putative classes, and were done intentionally, willfully, and repeatedly on thousands of occasions.

66.

Defendants intentionally and willfully violated the FDCPA, MRCPA, and MOC.

## VII. CLASS ACTION ALLEGATIONS

67.

PlaintiffS reallege the above pleadings.

68.

Plaintiffs brings this lawsuit as a class action. Plaintiffs tentatively define two classes including all persons in the State of Michigan who, during the one year (FDCPA) and six years (RCPA) prior to the filing of this complaint were the victims of "Cavalry Affidavits" supporting collection lawsuits by Defendants in violation of Federal and State law.

69.

The FDCPA Class consists of all persons with a Michigan address that are subject to the the Defendants collection lawsuits against whom a money judgment, in a civil action to collect a debt incurred for personal, family, or household purposes, was entered by a Michigan court; based on a claim for account stated, open account, and/or unjust enrichment, and not to enforce a written instrument or promissory note; whom the Defendants collected or attempted to collect a judgment balance, by communicating to any person that the judgment debtor owed an amount that included post-judgment interest, calculated at a rate greater than 1% plus the average interest rate paid at auctions of 5-year United States Treasury notes during the immediately preceding six months, such done in violation of § 1692e, § 1692e (10), 1692e(5), § 1692e (2)(A) 1692e(9), § 1692f and

§1692d.

70.

The RCPA Class Class consists of all persons with a Michigan address that are subject to the the Defendants collection lawsuits against whom a money judgment, in a civil action to collect a debt incurred for personal, family, or household purposes, was entered by a Michigan court; based on a claim for account stated, open account, and/or unjust enrichment, and not to enforce a written instrument or promissory note; whom the Defendants collected or attempted to collect a judgment balance, by communicating to any person that the judgment debtor owed an amount that included post-judgment interest, calculated at a rate greater than 1% plus the average interest rate paid at auctions of 5-year United States Treasury notes during the immediately preceding six months, such done in violation of MCLA 445.252(n), MCLA 445.252(e), MCL 445.252(b), MCLA 445.252(d), MCLA 445.252(f) and MCLA 445.252(q).

71.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issues are:

a) Whether Defendants were entitled to collect or attempt to collect interest on judgments at rates exceeding 1% plus the average interest rate paid at auctions of 5- year United States treasury notes during the immediately preceding six months;

b) Whether post-judgment court forms, telephone calls, and mailed collection notices misrepresented that the class members owed post-judgment interest exceeding 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the immediately preceding six months in connection with judgments;

c) Whether Defendants used false, deceptive, or misleading representations or means in

connection with the collection of any debt, in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10);

d) Whether Defendants made false representations regarding the character, amount, or legal status of debts, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A);

e) Whether Defendants communicated credit information that Defendants knew or should have known was false, in violation of the FDCPA, 15 U.S.C. § 1692e(8);

f) Whether Defendants used unfair or unconscionable means to collect or attempt to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA, 15 U.S.C. § 1692f(1);

g) Whether Defendants violated the MRCPA, M.C.L. § 445.252(e), (f)(i) and (ii).

h) Whether Defendants violated the MOC, M.C.L. § 339.915(e), (f)(i) and (ii). 207. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs'

72.

Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are committed to vigorously litigating this matter. They are greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, they have retained counsel experienced in litigating the FDCPA and RCPA, consumer advocacy and class claims. Neither Plaintiffs nor their counsel has any interests which might cause them to not vigorously pursue this claim.

73.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

74.

A class action is a superior method for the fair and efficient adjudication of this

controversy. Most of the consumers who are subject to this practice and policy of Defendant undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

75.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

    (a)    The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

    (b)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

77.

Class membership is based on objective, readily ascertainable criteria, and it is administratively feasible for the court to determine whether a particular individual is a class member:

1) Defendants' software contains the interest rate used to calculate alleged amounts due, which are then communicated to class members and third parties in attempts to collect debts;

2) Defendants' litigation files will contain a copy of every postjudgment collection attempt made in court;

3) Defendants' account notes, litigation files, and mailing records will contain every communication that was made by Defendants in their attempts to collect a debt;

4) The State of Michigan certifies the allowable postjudgment interest rate that can be assessed on judgment balances. General Rule: - Interest.pdf, http://courts.mi.gov/Administration/SCAO/Resources/Documents/other/interest.p df (last visited April 10, 2017).

5) Defendants' files will contain a ledger for every account, tracking all expenditures and receipts;

6) State court filings of class members will not contain a written instrument evidencing indebtedness at a specified interest rate; and

7) State court complaints giving rise to the state court judgments will allege a theory of recovery based on an open account, a stated account, or unjust enrichment.

78.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

79.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VIII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

80.

The Defendants have violated 15 U.S.C. § 1692e and 1692f. Wherefore, Plaintiffs, individually and on behalf of all others similarly situated, request that the Court certify this action as a class action, and seek judgment against defendants of:

a) Actual damages for Plaintiffs and each member of each class pursuant to 15 U.S.C. § 1692k;

b) Statutory damages for Plaintiffs and each member of each class pursuant to 15 U.S.C. § 1692k;

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d) Such further relief as the court deems just and proper.

### Count 2-Michigan Collection Practices Act

81.

Defendants have violated the RCPA. Defendant's violations of the RCPA include, but are not necessarily limited to, the following:

a) Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

b) Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor.

**Wherefore**, Plaintiffs, individually, and on behalf of all others similarly situated, request that the Court certify this action as a class action, and seek judgment against defendants for:

a) Actual damages, trebled, for Plaintiffs and for each member of each class;

b) Statutory damages, trebled, for Plaintiffs and for each member of each class, pursuant to M.C.L. § 445.257;

 c) Injunctive relief, for Plaintiffs and for each member of each class, pursuant to M.C.L. § 445.257;

d) Declaratory relief, for Plaintiffs and for each member of each class, pursuant to M.C.L. § 445.257;

e) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257; and

f) Such further relief as the Court deems just and proper.


## Count 3 – Michigan Occupational Code

### 82.

The Defendants violated the MOC, specifically

a) Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

b) Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor.

**Wherefore**, Plaintiffs, individually, and on behalf of all others similarly situated, request that the Court certify this action as a class action, and seek judgment against defendants for:

a) Actual damages, trebled, for Plaintiffs and for each member of each class, pursuant to M.C.L. § 339.916;

b) Statutory damages, trebled, for Plaintiffs and for each member of each class, pursuant to M.C.L. § 339.916;

c) Equitable relief, for Plaintiffs and for each member of each class, pursuant to M.C.L. §
339.916;

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916; and

e) Such further relief as the Court deems just and proper.


## IX. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.


Respectfully submitted,

January 12, 2018

/s/ Nicholas A. Reyna                              /s/   Brian P. Parker
Nicholas A. Reyna (P68328)                         Brian P. Parker (P48617)
Attorney for Plaintiff                             Attorney for Plaintiff
17344 W. 12 Mile Rd., Ste. 106                     2000 Town Ctr., Ste. 1900
Southfield, MI 48076                               Southfield, MI 48075
(248) 423-1110                                     (248) 342-9583
Nickreyna7@hotmail.com                             brianparker@collectionstopper.com